IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
AUSTIN D. MARTIN,              )  CIV. NO. 22-00460 HG-WRP
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
SCOTT NAGO,                    )
                               )
          Defendant.           )
                               )
_____)
```

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER, OR IN THE ALTERNATIVE, FOR RECONSIDERATION TO GRANT RELIEF FROM ORDER (ECF No. 15)**

On October 26, 2022, Plaintiff, proceeding pro se, filed a Complaint against Scott Nago, both individually and in his official capacity as Chief Elections Officer for the Office of Elections, State of Hawaii.  (ECF No. 1).  The case was assigned to Chief District Judge Derrick Watson.

On the same date, Plaintiff filed a Motion to Proceed In Forma Pauperis.  (ECF No. 3).

On November 21, 2022, Defendant Nago filed a Motion to Dismiss With Prejudice, or in the Alternative, Motion for Summary Judgment.  (ECF No. 6).

On January 26, 2023, Chief Judge Watson issued an "ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND."  (ECF No. 13).

1

On January 29, 2023, Plaintiff filed a Motion, entitled "MOTION TO VACATE ORDER, OR IN THE ALTERNATIVE, FOR RECONSIDERATION TO GRANT RELIEF FROM ORDER."  (ECF No. 15).

On January 30, 2023, Chief Judge Watson issued an ORDER OF RECUSAL (ECF No. 16) and the case was reassigned to District Judge Helen Gillmor.  (ECF No. 17).

## ANALYSIS

Motions for reconsideration may be brought on grounds of (a) discovery of new evidence; (b) change in the law; and/or (c) manifest error of law or fact.  District of Hawaii Local Rule 60.1.  Reconsideration is appropriate if the district court committed clear error or the decision was manifestly unjust.  Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  The decision to reconsider its order is committed to the sound discretion of the District Court.  Navajo Nation v. Confederated Tribes, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court construes Plaintiff's Motion (ECF No. 15) liberally because Plaintiff is proceeding pro se.  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

Even liberally construed, Plaintiff's Motion does not establish grounds to justify reconsideration.  Plaintiff has not provided a basis to alter the January 26, 2023 Order.

Plaintiff has not demonstrated any manifest error of law or fact in the Order.  It is well-established that any claims against Scott Nago in his official capacity as Chief Elections

2

Officer for the Office of Elections, State of Hawaii, are barred by the Eleventh Amendment to the United States Constitution. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). The January 26, 2023 Order correctly construed Plaintiff's Complaint as seeking retrospective relief, finding that an exception to sovereign immunity under Ex Parte Young was not present. See Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 255 (2011).

Plaintiff simply disagrees with the Order. Plaintiff's disagreements with the law do not provide a legitimate basis for reconsideration in this case. McAllister v. Adecco Grp. N.A., 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018) (citing White v. Sabatino, 424 F.Supp. 2d 1271, 1274 (D. Haw. 2006)).

Reconsideration is an extraordinary remedy which is to be used sparingly in the interests of finality and conservation of judicial resources. Plaintiff's Motion (ECF No. 15) does not set forth a basis for such an extraordinary remedy. Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff's Motion (ECF No. 15) is **DENIED.**

## CONCLUSION

Plaintiff's Motion to Vacate Order, or in the alternative, for Reconsideration to Grant Relief from Order (ECF No. 15) is **DENIED.**

As set forth in the January 26, 2023 Order (ECF No. 13), Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint against

Defendant Nago in his individual capacity only.  Dismissal is without leave to amend any official capacity claim against Defendant Nago.

Plaintiff may also add any additional defendants as set forth in the January 26, 2023 Order, but Plaintiff may not sue any state officials in their official capacities as these claims are barred pursuant to the Eleventh Amendment to the United States Constitution.

Plaintiff has until **Thursday, February 16, 2023** to file a First Amended Complaint.  Failure to file a First Amended Complaint consistent with the January 26, 2023 Order on or before February 16, 2023 shall result in dismissal of the case with prejudice.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  An amended complaint supersedes a prior complaint and must be complete in itself without reference to prior pleadings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 6, 2023.

Helen Gillmor
United States District Judge

Austin D. Martin v. Scott Nago, Civ. No. 22-00460 HG-WRP; **ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER, OR IN THE ALTERNATIVE, FOR RECONSIDERATION TO GRANT RELIEF FROM ORDER (ECF No. 15)**                    4